3:97CV2683(CFD), 2005 U.S. Dist. LEXIS 19278, at *28, 2005 WL 2146079, at *8 (D.Conn. Aug. 31, 2005).

We note that Tibbetts has one more case pending before this Court. See *Tibbetts v. President & Fellows,* 05–5780. This panel does not have oversight of Tibbetts's conduct in the course of that appeal, but we remind Tibbetts—and his attorney, who has ethical obligations to this Court that are separate from any obligations owed to his client—that this Court "may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin–Trigona,* 9 F.3d 226, 228 (2d Cir.1993). These measures include barring a party from filing further appeals or motions without the leave of this Court, *see Gyadu v. Hartford Ins. Co.,* 197 F.3d 590, 592 (2d Cir.1999) (imposing leave-to-file requirement on litigant who had filed seven appeals and "numerous other motions"), and Rule 38 sanctions, including attorney's fees, for filing and prosecuting a frivolous appeal, *see* Fed. R.App. P. 38; *60 E. 80th St. Equities, Inc. v. Sapir,* 218 F.3d 109, 119 (2d Cir.2000). For the benefit of Tibbetts's attorney, we also note that, in the past, this Court has occasionally invoked its authority under Rule 38 to impose an attorney's fees award on a litigant's attorney rather than the litigant himself. *E.g. Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 111 (2d Cir.1999) (ordering payment of attorney's fees by appellant's counsel as a sanction under Rule 38). Tibbetts and his attorney are thus warned that this Court shall not brook further abuse of its processes and advised to conduct themselves accordingly.

During the week before oral argument was heard in this appeal, Tibbetts, through counsel, filed several motions. The Clerk's Office is hereby directed to refile Tibbetts's motion to recall the mandate in *Tibbetts v. Dittes,* 01–7377, his "Renewed motion for 'notice' requirements in pro se-to-counseled appeals and motion to be relieved of the unpublished requirements in pro se-to-counseled appeals," and his "Motion to file oversized memorandum of law in support of violations of the Due Process and Equal Protection Clause of the Fifth Amendment" under docket number 01–7377, to refile his motion to recall the mandate in *Tibbetts v. Dittes,* 05–0694, under docket number 05–0694, and to refile his motion to recall the mandate in *Tibbetts v. Dittes,* 05–4695, under docket number 05–4695. We deny Tibbetts's "Motion to hold the instant appeal in abeyance until the underlying due process violations in *Tibbetts v. Dittes,* 01–7377, are resolved" and any other motions currently pending in this appeal.

The judgment of the district court is AFFIRMED. Appellant is to bear costs. The mandate shall issue immediately.

**UNITED STATES of America,** Appellee,

v.

**Heinz SCHROEDER, Defendant– Appellant.**

**No. 07–0340–cr.**

United States Court of Appeals, Second Circuit.

Aug. 11, 2008.

Julia Pamela Heit, New York, NY, for Defendant–Appellant.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Bonnie S. Klapper, Assistant United States Attorneys, Brooklyn, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Following a guilty plea in the United States District Court for the Eastern District of New York (Joanna Seybert, J.), Defendant–Appellant Heinz Schroeder was convicted of failing to surrender to serve a sentence in violation of 18 U.S.C. § 3146(a)(2). The district court sentenced Schroeder principally to a term of 23 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Schroeder challenges the reasonableness of his sentence. He argues first that the district court did not adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Second, Schroeder contends that the 23 month term of imprisonment, substantially above his 8–14 month advisory Guidelines range, and one month below the statutory maximum, is unreasonable because the court relied on factors common to all defendants convicted of this offense when justifying the variance.

We review a district court's sentencing determination for procedural and substantive reasonableness, a standard "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.), *cert. denied*, — U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). In *Gall v. United States*, the Supreme Court explained:

[An appellate court] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

—— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Where the district court imposes a non-Guidelines sentence, it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* In reviewing for substantive reasonableness, an appellate court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

■ Schroeder's claim that the court committed procedural error by failing to consider the relevant statutory factors is without merit. The district court explicitly stated that it had considered what would be a sufficient sentence "under all the factors under [§ ] 3553(a)." The record reflects nothing to the contrary, and "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory [sentencing] factors." *Fernandez*, 443 F.3d at 30. Accordingly, we reject Schroeder's claim of procedural unreasonableness.

■ We also conclude that Schroeder's sentence is reasonable. Given the factual and procedural history of this case, the district court was entitled to find that "this

case cries out, it is extraordinary," warranting a sentence substantially above the advisory Guidelines range. As the court noted, the sentence for which Schroeder failed to surrender, a 10 month term of incarceration upon his conviction for laundering drug proceeds in violation of 18 U.S.C. § 1956(a)(3)(C), was a significant departure from the Guidelines recommended range of 37–46 months' imprisonment, and had been based primarily on a "marginal" U.S.S.G. § 5K1.1 letter submitted by the government on Schroeder's behalf. The court had also allowed Schroeder to voluntarily surrender despite his immigration status and granted Schroeder's request that it recommend to the Bureau of Prisons that he serve the remainder of the initial 10 month sentence in a halfway house, though the Bureau of Prisons was unable to accommodate this request. The court also noted the expense of locating Schroeder.

In light of this history, the court did not err in finding the breach of trust inherent in any failure to surrender offense to be more serious here, where it followed on the heels of notably lenient treatment. *Cf. United States v. Verkhoglyad*, 516 F.3d 122, 130 (2d Cir.2008) (finding no abuse of discretion where court considered fact that defendant had "betrayed the trust reflected in [prior] lenient sentences" when sentencing defendant for violating conditions of his supervised release). The court also reasonably suggested that a sentence above the advisory Guidelines range was necessary in order to promote respect for the law and provide adequate deterrence. *See* 18 U.S.C. § 3553(a)(2). Given the totality of circumstances in this case, the district court's explanation, and the deference owed "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall*, 128 S.Ct. at 597, we conclude that Schroeder's 23 month sentence is reasonable.

For the foregoing reasons, the judgment of the district court is AFFIRMED.